UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMIE ABBAS,

                Plaintiff,

            -against-

CORRECTION OFFICER TATE,

                Defendant.

20-CV-3636 (CM)

ORDER DIRECTING PRISONER AUTHORIZATION

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated in Mid-State Correctional Facility, brings this action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore also authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to this Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

    Plaintiff initially filed this action in the United States District Court for the Northern District of New York, and on May 11, 2020, the complaint was transferred to this Court. Plaintiff

---

[1] The $50.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

submitted an IFP application and a prisoner authorization with his complaint, but the prisoner authorization only allows the funds deducted from the Plaintiff's prison trust fund account to be disbursed to the Northern District of New York. Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or complete and submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 20-CV-3636 (CM).[2]

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: May 12, 2020
        New York, New York

                                                    COLLEEN McMAHON
                                                 Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous, malicious, or for failure to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.