USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/19/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMIE ABBAS,

          Plaintiff,

    -v-

OFFICER TATE,

          Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

20-CV-3636 (JGK) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable John G. Koeltl, United States District Judge:**

    Plaintiff Samie Abbas, proceeding *pro se*, commenced this case by filing a complaint on April 24, 2020 (Dkt. No. 1), alleging that defendant, Correction Officer Tate, used excessive force against him on June 20, 2017 while he was confined in the Robert N. Davoren Center on Rikers Island. At the time of the filing of the complaint, he provided a mailing address of Mid-State Correctional Facility, P.O. Box 2500, Marcy, New York, 13403 (Dkt. Nos. 1-2). By order dated June 5, 2020 (Dkt. No. 9), plaintiff was informed that it is his "obligation to promptly submit a written notification to the Court if [his] address changes, and the Court may dismiss the action if [he] fails to do so."

    By letter dated February 23, 2022 (Dkt. No. 41), counsel for defendant informed the Court that Abbas had been moved from the Mid-State Correctional Facility to the Upstate Correctional Facility. Accordingly, by order dated February 24, 2022 (Dkt. No. 42), the Court directed the Clerk to update his address to Upstate Correctional Facility, 309 Bare Hill Road, Malone, New York, 12953.

On November 28, 2022, the Court mailed a copy of an order (Dkt. No. 65) to Abbas to that same address, and on December 12, 2022, it was returned to sender.

It thus appears that Abbas has been moved to a different facility. By order dated December 15, 2022, I directed Abbas to update his mailing address with the Court no later than January 4, 2023 (Dkt. No. 67). Abbas was advised in this order that failure to update his mailing address may result in dismissal of this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* December 15 Order (citing *Muhammad v. Newton*, No. 20-CV-8343 (VEC) (JLC), 2022 WL 619916, at *3 (S.D.N.Y. Mar. 3, 2022) (citing *Campbell v. New York City*, No. 19-CV-5431 (JMF), 2020 WL 469313, at *1 (S.D.N.Y. Jan. 29, 2020)) (*pro se* plaintiff's failure to provide mailing address may be grounds for dismissal), *adopted by* 2022 WL 1124849 (Apr. 14, 2022)). The Court sent its December 15 order to Abbas at the Elmira Correctional Facility, 1879 Davis Street, Elmira, New York, 14901, the facility at which he appears to be currently located according to the New York State Department of Corrections and Community Supervision Incarcerated Lookup website. There is nothing on the docket to reflect that this order was returned to the Court.

Notwithstanding the Court's December 15 order, Abbas has failed to update his mailing address with the Court, and the deadline to do so has now passed by more than two weeks.

Rule 41(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply . . . with a court order . . . a

2

defendant may move to dismiss the action or any claim against it." While the text of the Rule addresses only the case in which a defendant moves for dismissal of an action, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *La Sane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 (1962)).

"While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal." *Torres v. Yonkers Police Dept.,* No. 11-CV-1819 (LTS) (GWG), 2011 WL 2555854, at *2 (S.D.N.Y. June 28, 2011) (citing *Martens v. Thomann,* 273 F.3d 159, 180 (2d Cir. 2001) and *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir. 1996)).[1] Indeed, "[t]he demand that [a] plaintiff[] provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Hardy v. Mid–State Corr. Facility,* No. 08-CV-1352 (MAD) (ATB), 2011 WL 2620449, at *2 (N.D.N.Y. June 9, 2011) (quoting *Dumpson v. Goord,* No. 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004)). And, it is one that Abbas

---

[1] In the Second Circuit, those factors are: "(1) the duration of plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and 5) the efficacy of lesser sanctions." *Alvarez v. Simmons Mkt. Research Bureau Inc.,* 839 F.2d 930, 932 (2d Cir. 1988) (citing *Harding v. Fed. Reserve Bank of N.Y.,* 707 F.2d 46, 50 (2d Cir. 1983)).

has been reminded of more than once and that he has nevertheless failed to heed. *See* Dkt. Nos. 9, 67.

Notably, Abbas' failure to provide his current address to the Court is of a piece with other actions he has failed to take in otherwise prosecuting his case. For example, when defendant moved for judgment on the pleadings, a motion which the Court denied (Dkt. No. 39), Abbas failed to respond to the motion despite being given an extension of time to do so (Dkt. Nos. 34, 35). Abbas also had previously failed to file an amended complaint after being directed to do so (Dkt. No. 23). Perhaps most significantly, when the Court held a conference in this case last June, Abbas refused to participate in the conference (Dkt. No. 48). These failures to engage in the lawsuit reflect an abandonment of his case.

For these reasons, the complaint should be dismissed with prejudice[2] for failure to prosecute under Rule 41(b).[3]

---

[2] Abbas's claims arise from an alleged use of excessive force against him by defendant Tate on June 20, 2017. Complaint dated April 17, 2020 (Dkt. No. 1), at 4. These claims are governed by the three-year statute of limitations for § 1983 actions in New York State. *Melendez v. Greiner,* 477 F. App'x 801, 803 (2d Cir. 2012). As a result, "dismissal without prejudice would not produce a more just result" as any attempt by Abbas to re-file his complaint would be time-barred and thus futile. *Maersk Line v. Phoenix Agro–Industrial Corp.,* No. 07-CV-3169 (SJF) (JMA), 2009 WL 1505281, at *5 (E.D.N.Y. May 27, 2009); *see also Rudder v. Jimenez*, No. 11-CV-3453 (VSB) (JLC), 2014 WL 1349047, at *6 (S.D.N.Y. Apr. 7, 2014), *adopted by* 2014 WL 2855012 (June 23, 2014). Dismissal with prejudice is therefore the appropriate sanction.

[3] If this report and recommendation is adopted, then defendant Tate's pending motion to file a third-party complaint against the City of New York (Dkt. No. 61), as to which Abbas also made no filings, should be denied as moot.

The Clerk is respectfully directed to send a copy of this order to Samie Abbas, 18-A-3550, Elmira Correctional Facility, 1879 Davis Street, Elmira, New York, 14901.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6.  Such objections, and any responses to such objections, shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable John G. Koeltl, United States Courthouse, 500 Pearl Street, New York, New York.  Any requests for an extension of time for filing objections must be directed to Judge Koeltl.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Garwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

If Abbas does not have access to cases cited herein that are reported on Westlaw, he should request copies from counsel for Defendant. *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009); Local Civil Rule 7.2, Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

Dated: January 19, 2023
      New York, New York

                                      JAMES L. COTT
                                      United States Magistrate Judge